This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37568**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**JAMIE TAVAREZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. W. Shoobridge, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
John Kloss, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
C. David Henderson, Appellate Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}**     Defendant Jaime Tavarez appeals his conviction, following a jury trial, for aggravated assault on a peace officer with a deadly weapon in violation of NMSA 1978, Section 30-22-22(A)(1) (1971). He argues that the evidence is insufficient. Unpersuaded, we affirm.

**DISCUSSION**[1]

**{2}** In reviewing Defendant's sufficiency challenge, our duty is to "scrutin[ize] . . . the evidence and supervis[e] . . . the jury's fact-finding function to ensure that . . . a rational jury could have found beyond a reasonable doubt the essential facts required for a conviction." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (emphasis, internal quotation marks, and citation omitted). "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Cabezuela*, 2015-NMSC-016, ¶ 14, 350 P.3d 1145 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 (internal quotation marks and citation omitted). Our review employs a two-step process in which we first "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We then consider "whether the evidence, so viewed, supports the verdict beyond a reasonable doubt." *State v. Garcia*, 2016-NMSC-034, ¶ 24, 384 P.3d 1076. "We measure the sufficiency of the evidence against the instructions given to the jury." *State v. Vargas*, 2016-NMCA-038, ¶ 27, 368 P.3d 1232.

**{3}** In Defendant's case, the jury received an instruction based on UJI 14-2201 NMRA, the uniform instruction for the type of aggravated assault on a peace officer that involves an incomplete battery. *See* § 30-22-22(A)(1) (prohibiting "unlawfully assaulting or striking at a peace officer with a deadly weapon while he is in the lawful discharge of his duties"). The instruction defined battery as "touching or applying force in a rude, insolent, or angry manner." Regarding the essential elements Defendant challenges on appeal, the instruction required the State to prove that Defendant (1) "intended to commit the crime of battery against Officer Moen by trying to pull his handgun" and (2) "began to do an act which constituted a substantial part of the battery but failed to commit the battery[.]"

**{4}** With respect to the first element, the State presented evidence from which the jury could have rationally inferred that when Defendant removed a loaded handgun from the waistband of his pants, he did so intending to batter Officer Moen. Officer Seay testified that Defendant removed the gun after Officer Seay informed him that he had an outstanding arrest warrant and after officers repeatedly ordered him to exit his vehicle. Before Defendant removed the gun, he denied having a warrant, and refused to exit his vehicle. A physical altercation ensued as officers tried to extract Defendant from his vehicle. Officer Seay unbuckled Defendant's seat belt as Officer Moen held onto Defendant's left wrist with one hand while using his other hand to grip the upper part of Defendant's right arm. Officer Moen observed Defendant reach toward the right side of the waistband of his pants, asked Defendant what he was reaching for, and, a second

---

[1]Because the parties are familiar with the factual background, this memorandum opinion does not include a background section. We describe the pertinent facts in the discussion section.

later, saw Defendant pull out a silver handgun, which he held by the grip and raised "all the way out in front of him." Believing Defendant was going to shoot him, Officer Moen jumped into the car and used his left hand to grab Defendant's right wrist, preventing Defendant from pointing the gun at Officer Moen. The gun instead remained pointed at the vehicle's dashboard and, after a short time, fell out of Defendant's hand. The officers continued to struggle with Defendant and eventually succeeded in extracting him from the vehicle and placing him in handcuffs. The pistol was loaded and, with its safety off, ready to fire. From this evidence, it was rational for the jury to infer that when Defendant revealed the loaded pistol and raised it, he did so with the intent to use the pistol to batter Officer Moen. *See State v. Flores*, 2010-NMSC-002, ¶ 19, 147 N.M. 542, 226 P.3d 641 (recognizing that "circumstantial evidence alone can amount to substantial evidence" and that intent is generally inferred from the circumstances).

**{5}**     Defendant argues that the evidence "is too ambiguous to establish that [Defendant] intended to commit a battery as opposed to, for example, ridding himself of the loaded gun to avoid injury as he was about to be dragged from his car." The jury was, of course, free to infer that Defendant's intent was innocent, rather than criminal, but the jury was not required to do so. And it did not do so, instead returning a guilty verdict. Reviewing that verdict on appeal, we may not "search for inferences supporting a contrary verdict or re-weigh the evidence because this type of analysis would substitute [our] judgment for that of the jury." *State v. Graham*, 2005-NMSC-004, ¶ 13, 137 N.M. 197, 109 P.3d 285. Considering all of the evidence, we cannot conclude that the jury's inference that Defendant acted with the requisite intent was irrational.

**{6}**     We also reject Defendant's challenge to the evidence supporting the remaining element—whether Defendant began to do an act that was a substantial part of battery. Although an act that is "merely preparatory" will not suffice, the act "need not be the last proximate act to the consummation of the offense attempted to be perpetrated[,]" so long as the act "approach[es] sufficiently near to [the last proximate act] to stand either as the first or some subsequent step in a direct movement toward the commission of the offense after the preparation[.]" *State v. Stettheimer*, 1980-NMCA-023, ¶ 25, 94 N.M. 149, 607 P.2d 1167 (internal quotation marks and citation omitted). "[E]ven slight acts in furtherance of the crime will constitute an attempt." *State v. Brenn*, 2005-NMCA-121, ¶ 14, 138 N.M. 451, 121 P.3d 1050 (alteration, internal quotation marks, and citation omitted). Here, the State presented evidence from which a jury could reasonably infer that Defendant's actions, described above, went beyond mere preparation, constituting an act in furtherance of a battery of Officer Moen. The evidence would have allowed the jury to find that while Defendant was in the midst of a physical struggle with police officers who were trying to remove him from his vehicle after he refused to obey verbal orders to exit that vehicle, Defendant drew and raised a loaded pistol with its safety off. Defendant has not persuaded us that these actions fall short of "the first . . . step in a direct movement toward the commission" of the battery. *Stettheimer*, 1980-NMCA-023, ¶ 25 (internal quotation marks and citation omitted).

**{7}**     Defendant argues that there was no evidence that he pointed the gun at Officer Moen or made any verbal threats. Although either of those acts might have been

necessary under circumstances not present in this case, neither pointing a gun nor making a verbal threat is always necessary under New Mexico law. New Mexico law does not impose specific, categorical requirements about what types of actions constitute a substantial step or overt act. We have instead held that "[n]o definite rule can be laid down by which an act might be characterized as overt in any particular case." *Stettheimer*, 1980-NMCA-023, ¶ 25 (internal quotation marks and citation omitted). Defendant has not persuaded us that we should depart from our precedent and create a new bright-line rule requiring evidence that the accused pointed a gun or made a verbal threat. Because the State need not prove that the accused performed "the last act proximate to" using the gun in a battery, *id.*, an assault conviction involving a gun may, under certain circumstances, have adequate evidentiary support even when the accused did not point the firearm at the victim or verbally threaten the victim. And here, for the reasons we have explained, the jury could have rationally concluded that Defendant engaged in acts in furtherance of a battery.

**{8}** We also find no merit in Defendant's argument that the "fatal problems with the State's chosen theory . . . arise[] from the fact that Officer Moen effectively prevented [Defendant] from taking any action that might have gone beyond mere preparatory steps to committing a battery[.]" As we have explained, the State presented evidence sufficient to support the jury's finding that Defendant's actions went beyond mere preparation. And we decline to hold that Officer Moen's successful efforts to gain control over and disarm Defendant in the midst of the physical struggle somehow render the evidence against Defendant insufficient.

**CONCLUSION**

**{9}** We affirm.

**{10}  IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**MEGAN P. DUFFY, Judge**